FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 03 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

BRUCE SAMSON                                                              PLAINTIFF

VS.                        NO. 4:17-cv-00124 JM/JJV

STANDARD INSURANCE COMPANY;
AEROJET ROCKETDYNE, INC.;
and AEROJET ROCKETDYNE HOLDINGS, INC.                    DEFENDANTS

This case assigned to District Judge ___Moody___
and to Magistrate Judge ___Volpe___

**COMPLAINT**

Plaintiff, Bruce Samson, by and through his undersigned attorneys, Lacy Law Firm, and for his Complaint against Defendants, Standard Insurance Company, Aerojet Rocketdynce, Inc., and Aerojet Rocketdyne Holdings, Inc., states:

**JURISDICTION AND VENUE**

1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.§§ 1001 et seq. ("ERISA"), to recover benefits due under an employee benefit plan, to redress breaches of fiduciary duties under ERISA, and to recover costs and attorneys' fees as provided by ERISA.

2.      This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. 1132(e)(1) and 28 U.S.C. § 1331. Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3.      Venue is properly laid in this district pursuant of section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or is

found in this district.

## PARTIES

4.      Plaintiff Bruce Samson is an individual residing in Faulkner County, Arkansas.

5.      Defendant Standard Insurance Company ("Standard") is a foreign corporation with its principal place of business located in a state other than Arkansas. Defendant Standard served as and performed the function of the administrator of Plaintiff's claim. As claims administrator, Standard made the determination to approve or disapprove disability claims made by participants of the Plan. Standard ostensibly operated, therefore, as a "fiduciary" of the Defendant Plan within the meaning of sections 3(21) and 405(c) of ERISA, 29 U.S.C. § 1002(21) and § 1105(c). Standard's registered agent for service of process is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR, 72201.

6.      Defendant Aerojet Rocketdyne, Inc. is a foreign corporation with its principal places of business located in a state other than Arkansas. Aerojet Rocketdyne, Inc. is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). Aerojet Rocketdyne, Inc. is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Aerojet Rocketdyne, Inc. is a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14). Aerojet Rocketdyne, Inc.'s registered agent for service of legal process is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

7.      Defendant Aerojet Rocketdyne Holdings, Inc. is a foreign corporation with its principal places of business located in a state other than Arkansas. Aerojet Rocketdyne

Holdings, Inc. is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). Aerojet Rocketdyne Holdings, Inc. is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Aerojet Rocketdyne Holdings, Inc. is a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14). Aerojet Rocketdyne Holdings, Inc.'s registered agent for service of legal process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8. Aerojet Rocketdyne, Inc. and Aerojet Rocketdyne Holdings, Inc. are collectively referred to as "Aerojet."

## GENERAL ALLEGATIONS

9. Mr. Samson was originally approved for short-term disability benefits beginning October 13, 2015 as a result of delayed healing of a compression fracture in his lumbar spine which prevented from being able to perform the material and substantial functions of his own occupation. He was approved through January 31, 2016.

10. As a result of Mr. Samson's injuries, he took off on leave from work at Aerojet beginning October 2015. Given that he was initially approved for short-term disability benefits, his leave did not affect his employment at Aerojet.

11. In December 2015, Mr. Samson was contacted by Nelle Kelley in the Human Resources Department who asked if Mr. Samson continued to receive treatment for his medical condition and whether he continued to take medication. When Mr. Samson responded that he did, Ms. Kelley stated that he could not come back to work, that Aerojet needed to hire

somebody to fill his position, and that if he could not return to work, they would have to fire him. She also advised him that it would look better on his record if he resigned rather than being fired. She assured him that, if he resigned, it would not affect his disability.

12. Given that his medical condition was not improving, Mr. Samson elected to resign rather than be fired, so that he could continue receiving benefits and, if his condition ever improved, he would have a clean record for rehire. *See* Exhibit 1, Affidavit of Bruce Samson.

13. Although sufficient evidence existed to support Mr. Samson's continued disability benefits, Standard terminated his benefits effective January 31, 2016.

14. Mr. Samson appealed the denial of Standard's termination of his benefits on October 3, 2016. *See* Exhibit 2.

15. On December 30, 2016, Standard confirmed that Standard had decided to overturn its previous termination of benefits, and that the claim had been returned to Mr. Samson's employer for payment under the terms of the STD plan. *See* Exhibit 3.

16. By letter dated January 27, 2017, Mr. Samson was advised that Aerojet was considering whether payment under the STD plan was appropriate based upon the Plan's provisions terminating benefits upon voluntary termination of employment with Aerojet. *See* Exhibit 4.

17. Mr. Samson, through counsel, has written both Standard and Aerojet to explain the circumstances of his discharge, but has received no response. *See* Exhibits 5 and 6.

18. To date, Mr. Samson has received no benefits under the STD plan, despite the fact that Standard have previously reversed its termination of benefits.

19. Mr. Samson did not voluntarily end his employment with Aerojet, but only did so

after being told he was going to be fired if he did not resign. *See* Exhibit 1. Thus, there is no reason to withhold any payments under the terms of the Plan.

20. Thus, not only have the Defendants improperly withheld benefit payment to which Mr. Samson is entitled, he has been constructively discharged as a result of his disability due to his medical condition.

## COUNT I: CLAIM FOR DISABILITY BENEFITS UNDER THE PLAN

21. Paragraphs 1-20 are re-alleged and incorporated by reference as if fully set forth herein.

22. This Action falls under 29 U.S.C. §1132 of ERISA seeking recovery of benefits by Plaintiff.

23. Plaintiff is a participant in an employee benefit plan which provided disability insurance coverage. The policy of disability insurance under which she has made a claim for benefits that was denied was renewed after March 1, 2013.

24. As a participant, Plaintiff was entitled to short term and long term disability benefits.

25. Plaintiff is disabled as a result of a hospitalization resulting from delayed healing of a compression fracture in his lumbar spine.

26. Defendants initially approved Plaintiff's claim for disability benefits only to later deny his claim based upon the same available medical information. Defendants have unilaterally, arbitrarily and capriciously denied Plaintiff's claim for disability benefits. This unilateral and arbitrary denial of Plaintiff's disability benefits violates the provisions of ERISA and the provisions of the Plan itself.

27. The amount of harm to Plaintiff is continuing at this time and is in excess of Federal Diversity Jurisdiction.

28. Pursuant to 29 U.S.C. § 1001 et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan, past and future, all consequential and incidental damages incurred in result of the wrongful denial and termination of benefits thereunder, and all attorneys fees and costs herein expended.

**COUNT TWO: AMERICANS WITH DISABILITIES ACT (AEROJET)**

29. Paragraphs 1-28 are re-alleged and incorporated by reference as if fully set forth herein.

30. Plaintiff is a qualified individual with a disability who can perform the essential functions of the job, with reasonable accommodations, upon the expiration of his leave, within the meaning of the ADA, 42 U.S.C. §§ 12101 et seq.

31. Aerojet is subject to the provisions of the ADA.

32. Aerojet was aware of Plaintiff's disability.

33. Aerojet constructively discharged Plaintiff by telling him if he did not quit he would be fired.

34. Plaintiff's disability was a motivating factor in Aerojet's decision to constructively discharge him.

35. Aerojet's termination of Plaintiff's employment in order to deny his STD benefits constitutes discrimination based upon Plaintiff's disability in violation of the ADA.

36. As a result of Aerojet's discrimination, Plaintiff has suffered damages in excess of that required for federal diversity jurisdiction.

## COUNT THREE: ATTORNEYS' FEES

37. Paragraphs 1-34 are re-alleged and incorporated by reference as if fully set forth herein.

38. Plaintiff is entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

(1) Award Plaintiff all past and future disability benefits to which he is entitled and interest as it has accrued since date of original entitlement;

(2) Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(3) Award such other, further and different relief as may be just and proper.

Respectfully Submitted,

Brandon W. Lacy
**LACY LAW FIRM**
630 S. Main Street
Jonesboro, AR 72401
870-277-1144

_____
Brandon W. Lacy #03098